## CADE v. LARNED.

1. Where a large body of land divided by a county line was, under section 1969 *et seq.* of the code, conveyed as a whole to secure a debt, with bond for reconveyance, the creditor, after obtaining judgment, could have the entire tract levied on and sold in either county, neither being the county of the residence of the defendant in execution. This is so although the county line was located exclusively upon original land-lot lines, so that no one of the several lots composing the entire tract was divided by the county line.

2. It was, however, essential to the validity of a levy upon the entire tract, that the plaintiff in execution should have previously executed and had recorded in both of the counties in which the land was situated a deed conveying the same to the defendant in execution. Having such deed recorded in one only of these counties was not sufficient.

November 16, 1896. Argued at the last term.

Levy and claim. Before Judge Butt. Chattahoochee superior court. September term, 1895.

*C. J. Thornton*, for plaintiff in error.

*Erwin, Cobb & Woolley, L. F. Garrard, T. Y. Crawford* and *Eugene Wynn*, contra.

SIMMONS, Chief Justice.

An execution against Cade was levied by the sheriff of Chattahoochee county upon 1,300 acres of land lying partly in that county and partly in Stewart county and divided by the boundary line between the counties; a claim was interposed by Cade's wife, and upon the trial of the claim case she moved to dismiss the levy. The court overruled the motion, and directed a verdict for the plaintiff; and to these rulings the claimant excepted.

1. One of the grounds of the motion to dismiss the levy was, that the sheriff of Chattahoochee county could not levy on that portion of the land which did not lie in that county. The code, §3644, declares that "a sheriff, or other levying officer, shall not sell land out of the county

in which he is sheriff, or such officer, except when the defendant in execution shall own a tract or tracts of land divided by the line of the county of his residence, in which case it may be sold in the county of his residence; or if such tract of land is in other than that of the defendant's residence, it may be levied on and sold in either county." In this case it appeared that the defendant was not a resident of either of the counties in which the land was situated. It was contended on the part of the claimant, however, that the present case did not come within the exception stated in the section above quoted, because the exception was intended to apply only in cases where a land lot is divided by a county line, and because in the present case the county line is located exclusively upon original land-lot lines, so that no one of the several lots composing the entire tract is divided by the county line. There is no merit in this contention. The word "tract" in its common signification does not imply anything as to the size of the parcel of land; and if the legislature intended that the exception above referred to should apply only to a tract of a certain kind or size, they would have said so.

2. The motion to dismiss ought to have been sustained, however, upon another ground of the motion. The levy was upon land which had been conveyed to the plaintiff in execution as security for a debt under section 1969 of the code; and we have held that in such a case the creditor cannot cause the land to be levied upon and sold under a judgment for the debt, without first having made and filed, and had recorded in the clerk's office of the superior court of the county wherein the land lies, a reconveyance of the land, as provided by section 1970 of the code. In the present case this was not done, the deed reconveying the land to the defendant not having been recorded in one of the counties in which the land was situated. The recording of the deed in only one of the counties was not sufficient. Under the statute, the deed is to be recorded in

the "county wherein the land lies," and no exception is made as to cases in which the land lies in more than one county. We have no warrant, therefore, for holding that such an exception exists.          *Judgment reversed.*